UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY A. HARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-5-AGF |
| | ) | |
| JOHN JORDAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Jeffrey Harker (registration no. N/A), an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee, and therefore, an initial partial filing fee will not be assessed at this time. *See* 28 U.S.C. ' 1915(b)(1).

Additionally, plaintiff has sent the Clerk of Court four letters, requesting to add to this case over one hundred additional plaintiffs, who appear to be fellow inmates at the Cape Girardeau County Jail [Docs. #5, #10, #11, and #12]. The Court will liberally construe the letters as motions for leave to add party-plaintiffs, which will be denied. Multiple prisoners may not join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure. *Georgeoff v. Barnes*,

2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009); *Jones v. Abby*, 2009 WL 2169894 (E.D. Mo. 2009).[1]

Furthermore, the Court will order plaintiff to file an amended complaint and will deny, without prejudice, his motion for appointment of counsel.

## 28 U.S.C. ' 1915(b)(1)

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner=s account, or (2) the average monthly balance in the prisoner=s account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month=s income credited to the

---

[1] The requirement of 28 U.S.C. ' 1915(b)(1) that each Aprisoner shall be required to pay the full amount of a filing fee@ requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S. Ct. 1083, 151 L. Ed. 2d 983 (2002). Moreover, to the extent that plaintiff is seeking to bring a class action, his request to do so is denied. Under Rule 23(a)(4), a class representative must Afairly and adequately protect the interests of the class.@ Additionally, a litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. ' 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d ' 1769.1 (Aclass representatives cannot appear pro se.@).

prisoner=s account. 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner=s account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff=s account indicates an average monthly deposit of $0.00, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay any portion of the filing fee. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d*, 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a

claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, an inmate at the Cape Girardeau County Jail ("the Jail"), brings this 42 U.S.C. ' 1983 action against John Jordan (Cape Girardeau County Sheriff), Ruth A. Dickerson, Captain Bud Proffer, James Mulcahy, and T.C. Stevens.

Plaintiff=s allegations arise out of a host of different occurrences that took place at the Jail, beginning in January 2013 and continuing through 2014. Plaintiff does not assert his claims against any of the named defendants, but rather, lists a host of allegations, such as a change in mail procedures, retaliation for filing grievances, the denial of books, magazines, and "religious tracks," the termination of a practice that allowed volunteer preachers and pastors to minister at the Jail, a sub-standard law library, "inadequate medical staff, facilities, and treatment," inhumane jail conditions, a denial of good time credits, racial discrimination, and violation of prison grievance rules. This is but a sample of the numerous allegations plaintiff asserts in his fourteen-page complaint and attached forty-six pages of exhibits. The separate claims bear little or no relationship to each other, and they are not asserted, specifically, against any of the five named defendants.

**Discussion**

Rule 18(a) of the Federal Rules of Civil Procedure states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

As such, multiple claims against a single party are valid. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

For the most part, however, the instant action presents a case involving multiple claims against, not one, but five defendants. Indeed, it appears that plaintiff is attempting to consolidate almost every claim he might have ever had against the Jail into one lawsuit. Such pleading practices are not allowed, especially in prisoner actions where there could be an incentive to avoid paying separate filing fees. *See id.* (district court should question joinder of defendants and claims in prisoner cases). Federal Rule of Civil Procedure 20(a)(2) is controlling and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions. In other words, ΑClaim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.*

Because plaintiff is proceeding pro se and in forma pauperis, the Court will afford him the opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said transaction. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2). Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Plaintiff is reminded that he may not assert claims on behalf of other inmates, because he lacks standing to do so, and a person not licensed to practice law may not represent another individual in federal court. *See* 28 U.S.C. ' 1915(e)(2)(B); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (person not licensed to practice law may not represent another individual in federal court). In addition, plaintiff is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name and title, or occupation, of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing or writing the first defendant=s name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. Plaintiff should refrain from attaching exhibits to his amended complaint.

In addition, plaintiff must provide the current address of each defendant named in the amended complaint. The amended complaint must also contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time. Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews. *See, e.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the filing fee or file a motion for leave to proceed in forma pauperis and certified inmate account statement. If plaintiff requires additional form complaints or motions to proceed in forma pauperis, he may request them from the Clerk. Because each complaint would be filed as a new action,

8

plaintiff should not put a cause number on them; the Clerk of Court will assign a cause number to each new action.

Last, the Court will deny plaintiff's motion for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it appears that plaintiff will be able to present his claims in accordance with this Memorandum and Order. Consequently, the motion shall be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to add party-plaintiffs [Docs. #5, #10, #11, and #12] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order. Plaintiff is advised that his failure to comply with this Order will result of the dismissal of this action, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff three blank form complaints for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

Dated this 9th day of May, 2014.

*Audrey G. Fleissig*
UNITED STATES DISTRICT JUDGE